UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Monica Pesina, | Civ. No. 23-2385 (PAM/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| Michael Segal, Warden, | |
| Respondent. | |

This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides for "prompt" review of petitions such as that Petitioner Monica Pesina has filed.[1]

Pesina is currently imprisoned at the Federal Correctional Institution in Waseca, Minnesota, serving a 151-month sentence after two drug-related convictions. (See Pet. 1; United States v. Pesina, No. 20-CR-0005 (SMJ) (E.D. Wash. Oct. 4, 2021); United States v. Pesina, No. 19-CR-6063 (SMJ) (E.D. Wash. Oct. 6, 2021).)  In the last several months, numerous prisoners at FCI-Waseca have filed similar petitions alleging that the Bureau of Prisons is not correctly awarding time credits under the First Step Act of 2018 for participation in certain programming.  These petitions have been uniformly rejected, including by this Court.  See May 9, 2023, Order (Docket No. 8), Friday v. Segal, No. 23cv882 (D. Minn.).

---

[1] Although the Petition is not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases nevertheless may be applied to the Petition.  See Rule 1(b).

As with the other petitions, Pesina claims in this Petition that she has not received certain earned-time credits ("ETCs") under the First Step Act, which provides that prisoners completing "evidence-based recidivism reduction programming or productive activities" shall earn 10 or 15 days of time credits "for every 30 days of successful participation" in that programming. 18 U.S.C. § 3632(d)(4)(A)(i)-(ii). Pesina asserts that she has participated in enough relevant activities to have earned 2,940 ETCs. (See, e.g., Docket No. 1-1 at 1-3 (presenting list of activities and summed total of purportedly earned ETCs).) But this calculation hinges in large part on a fundamental error:[2] Pesina claims that prisoners get ETCs for each class they take.

This Court has determined that prisoners are not entitled to credit for each course they complete, but rather are entitled to credit for each month of programming in which they participate. Matthews v. Sagal, No. 23cv1030 (PAM/ECW), 2023 WL 3604831, at *1 (D. Minn. May 23, 2023) (citations omitted); see also Jordan v. Segal, No. 23cv1239 (PAM/ECW), 2023 WL 3604940, at *1 (D. Minn. May 23, 2023) (same); Friday v. Segal, No. 23cv882 (PAM/ECW), 2023 WL 3325167, at *1 (D. Minn. May 9, 2023) (same). Nothing in the Petition compels a different conclusion.

And even if the Court disagrees with the BOP's interpretation of the statute, that interpretation is reasonable. Thus, under well-settled precedent, the Court must defer to it.

---

[2] The Petition has a second potential problem (if not others): Pesina assumes that merely being on the "waiting list" for a class makes one eligible for time credits. (See Docket No. 1-1 at 1 (including numerous "waiting list First Step Act classes" in list of Pesina's credits).) This assumption is mistaken but given the more fundamental error in the basis for the Petition, the Court will not address it further.

2

<u>Entergy Corp. v. Riverkeeper, Inc.</u>, 556 U.S. 208, 218 (2009).  Pesina is not entitled to habeas-corpus relief.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

2. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   September 20, 2023                              *s/Paul A. Magnuson*
                                                         Paul A. Magnuson
                                                         United States District Court Judge